**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

BRIAN T. DOLAN and
KATHLEEN S. DOLAN,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

---

**COMPLAINT FOR TAX REFUND UNDER**
**26 U.S.C. §§ 6511(d)(3), 6532(a)(1), & 7422**

---

For their Complaint, Plaintiffs, Brian T. Dolan and Kathleen S. Dolan ("Plaintiffs"), through their undersigned counsel, allege as follows:

**INTRODUCTION**

1.      This is a civil action brought pursuant to 26 U.S.C. §§ 6511(d)(3), 6532(a)(1) and 7422 to obtain a tax refund for the 2013 tax year.

2.      This case concerns a timely request for a refund of internal revenue taxes (the "Refund Request") submitted by Plaintiffs to the Internal Revenue Service ("IRS").

3.      The Refund Request relates to an overpayment of federal income taxes for the 2013 tax year imposed under subtitle A of the Internal Revenue Code of 1986, as amended ("IRC" or the "Code").

4. At all relevant times Plaintiffs were married to each other and filed federal income tax returns as cash basis taxpayers.

5. As described below, in the 2013 tax year and at all relevant times, Plaintiffs owned shares in subchapter S corporations that are partners in certain partnerships and that, for U.S. federal income tax purposes, are classified as partnerships and use the accrual method of accounting. At all relevant times, these partnerships are in turn partners in certain other partnerships that, for U.S. federal income tax purposes, (a) are classified as partnerships and use the accrual method of accounting taxpayers, and (b) sold interests in an Australian company to a third-party purchaser in 2013 (the "Sale").

6. The Australian government levied an income tax on the Sale. The partnerships that engaged in the Sale lawfully disputed the asserted Australian income tax and challenged it before the Australian tax and legal systems. Because the Australian income tax was lawfully disputed, the selling partnerships did not pay the disputed Australian income tax in 2013.

7. In 2019, the partnerships that engaged in the Sale lost their challenges to the disputed Australian income tax. In 2019, such partnerships (a) paid the foreign tax to the Australian government, (b) filed amended tax returns in the United States to take credit for the foreign tax (which was considered to have accrued in the 2013 tax year), and (c) passed through the foreign tax to their partners.

8. Under the applicable Code provisions, a partnership's method of accounting (here, the accrual method) governs the timing of when foreign taxes are passed through to its partners and to its indirect owners (here, Plaintiffs) for purposes of claiming foreign tax credits.

9. In accordance with such provisions, Plaintiffs used, and were required to use for U.S. income tax purposes, the accrual method of accounting to claim foreign tax credits for the Australian taxes paid by the partnerships. Plaintiffs checked the "accrual" box in Part II of IRS Form 1116 (Foreign Tax Credits) that they attached to their amended income tax return for 2013 on IRS Form 1040X indicating that Plaintiffs used the accrual method of accounting for such purposes.

10. In 2019, Plaintiffs timely filed the Refund Request, which sought a refund of income taxes accrued in the taxable year in which taxes owed to Australia accrued for U.S. income tax purposes (the calendar year 2013) rather than the year in which the partnerships that engaged in the Sale actually paid the tax (the calendar year 2019).

11. In a letter to Plaintiffs dated September 9, 2022, the IRS denied the Refund Request (the "Refund Denial") on the ground that Plaintiffs, as cash basis taxpayers, were not entitled to claim foreign tax credits on the accrual method of accounting unless they properly elected under IRC Section 905(a) to claim foreign tax credits on the accrual method of accounting.

12. As alleged herein, the Refund Denial was erroneous.

## PARTIES

13. Plaintiff Brian T. Dolan is a citizen of the United States and resides at 2770 East Cedar Avenue, Denver, Colorado 80209.

14. Plaintiff Kathleen S. Dolan is a citizen of the United States and resides at 2770 East Cedar Avenue, Denver, Colorado 80209.

15. For all relevant tax years, Plaintiffs were married to each other and filed federal income tax returns on Form 1040 under the status of married. For the 2013 tax year, Plaintiffs timely filed their joint income tax return (Form 1040) with the IRS.

16. Defendant is the United States of America, sued herein to review the actions of its agency, the IRS.

## SUBJECT MATTER JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1346(a)(1).

18. Venue is proper in this district pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C § 1391 because both Plaintiffs reside in this district as of the date this action is commenced.

19. This action is timely pursuant to 26 U.S.C. § 6532(a)(1) and Plaintiffs' Refund Request was timely pursuant to 26 U.S.C. § 6511(d)(3).

20. Plaintiffs timely filed the refund request and paid the underlying tax for which they seek a refund in this matter.

## STATEMENT OF FACTS

21. Plaintiffs are shareholders in Fund Four, Inc. ("Fund Four") and Fund Five, Inc. ("Fund Five"), both of which are classified as S corporations for U.S. federal income tax purposes. Fund Four and Fund Five use the cash method of accounting. (Fund Four and Fund Five are collectively referred to as the "S Corporations").

22. Fund Four and Fund Five are limited partners in Resource Capital Associates IV, LP ("RC Associates IV") and Resource Capital Associates V, L.P. ("RC Associates V"),

respectively.  (RC Associates IV and RC Capital V are collectively referred to as the "Upper Tier Partnerships.")

23. The Upper Tier Partnerships are (a) Cayman Islands limited partnerships, (b) classified as partnerships for U.S. federal income tax purposes, and (c) accrual method partnerships.

24. The Upper Tier Partnerships are limited partners in Resource Capital Fund IV, LP ("RC Fund IV") and Resource Capital Fund V, LP ("RC Fund V"), respectively.  (RC Fund IV and RC Fund V are collectively referred to as the "Partnerships.")

25. The Partnerships are (a) Cayman Islands limited partnerships, (b) classified as partnerships for U.S. federal income tax purposes, and (c) accrual method partnerships.

26. In 2013, the Partnerships sold their interest in an Australian company for a gain in the Sale.  The Partnerships allocated to the Upper Tier Partnerships an appropriate portion of the gain recognized by the Partnerships.  In turn, (a) the Upper Tier Partnerships allocated an appropriate portion of such gain to the S Corporations, (b) the S Corporations allocated an appropriate portion of such gain to Plaintiffs, and (c) Plaintiffs reported their share of such gain on their originally filed Form 1040 tax return for the tax year 2013.

27. However, following the Sale, the Australian Taxation Office ("ATO") assessed tax on the gain from the Sale directly to the Partnerships on the basis that the Partnerships were taxable entities under Australian law.

28. In accordance with the Schedule K-1 forms provided by the Partnerships to the Upper Tier Partnerships, and the Schedule K-1 forms provided by the Upper Tier Partnerships to the S Corporations, and the Schedule K-1 forms provided by the S Corporations to Plaintiff

Brian Dolan, for the 2013 tax year Plaintiffs (as married taxpayers filing jointly) reported their shares of the gain from the Sale (which had passed through to them from the Upper Tier Partnerships and the S Corporations) in their 2013 tax year Form 1040 tax return as originally filed and paid the resulting taxes thereon.  As described below, because the Partnerships lawfully disputed the ATO's assessment of tax on the gain from the Sale, Plaintiffs did not claim (or receive) on their originally filed Form 1040 any tax credit for the foreign taxes for the 2013 tax year relating to the Sale.

29. The Partnerships timely and properly contested the assessed tax on the gain from the Sale before the ATO.  The Partnerships litigated the assessment on a variety of grounds, including that the Partnerships were not taxable entities; that the gain was not Australian sourced; that the underlying value of the Sale was not principally derived from Australian real property; and that a tax treaty between Australia and the United States limited Australia's taxing rights.

30. The Partnerships' efforts to dispute the Australian tax on the Sale were not successful.  In April 2019, the Australian Full Federal Court upheld a determination in favor of the ATO on the basis that the Partnerships were taxable entities for purposes of Australian law; that the underlying gain was Australian sourced; and that Australia was not restricted under the relevant tax treaty from imposing the tax.

31. The Partnerships applied for special leave to appeal the decision of the Full Federal Court to the High Court of Australia.  This application was dismissed in September 2019.

32.     The Partnerships paid the ATO tax assessment related to the Sale in 2019 and, in turn, reported the payment and the Partnerships' accrual method of accounting for such taxes to the Upper-Tier Partnership, which in turn reported the payments and the Partnerships' accrual method of accounting for such taxes to the S Corporations.  As described below, Plaintiffs claimed their share of the foreign taxes using the accrual method of accounting, which had passed through to them from the S Corporations, on their amended tax return for the 2013 tax year.

33.     In February 2021, Plaintiffs filed an amended 2013 individual tax return on IRS Form 1040X with the IRS seeking credit for the foreign tax paid in Australia (*i.e.*, the Refund Request).  The Refund Request was timely filed as it is subject to a special period of limitations set forth in IRC Section 6511(d)(3)(A).  Under IRC Section 6511(d)(3)(A), the period of limitation for bringing a claim for refund of an overpayment of taxes paid or accrued to any foreign country for which a credit is allowed under IRC Section 901 (which allows an election to claim foreign tax credits for income taxes paid to foreign countries in lieu of claiming a deduction for such foreign taxes) or the provisions of any income tax treaty to which the United States is a party against the tax imposed by subtitle A of the Code (*i.e.*, the U.S. federal income tax) is ten years from the date prescribed by law for filing the return for the year in which such taxes were actually paid or accrued.

34.     In their amended 2013 federal income tax return on Form 1040X, Plaintiffs indicated that they used the accrual method of accounting to claim foreign tax credits for the Australian taxes paid by the Partnerships by checking the "accrual" box in Part II of IRS Form 1116 (Foreign Tax Credits) that was attached to such amended income tax return for 2013.

35. In a letter dated September 9, 2022, the IRS disallowed Plaintiffs' foreign tax credit claim in the amount of $767,557 for their 2013 amended income tax return on Form 1040X. In making this determination, the IRS asserted that "cash basis taxpayer[s] may not make an election under IRC Section 905(a) to claim foreign tax credit on the accrual basis on an amended return."

36. On or about January 19, 2023, Plaintiffs responded to the IRS's disallowance of Plaintiffs' foreign tax credit claim by filing a protest asserting that such disallowance was improper because, in part, the Partnerships' accrual method of accounting determines whether and when the foreign tax has accrued.

37. As set forth below, the IRS's disallowance of Plaintiffs' foreign tax credit claim was erroneous and in contravention of applicable provisions of the Code and Treasury Regulations promulgated thereunder, and Plaintiffs were entitled to claim the foreign tax credit under IRC Section 901 for the Australian taxes in question on their amended jointly filed income tax return for 2013 without making an election under IRC Section 905(a).

## ERRORS OF THE INTERNAL REVENUE SERVICE

38. For the reasons set forth herein, Plaintiffs allege that the IRS's refusal to refund the tax at issue is in error.

39. Under IRC Section 901, individual taxpayers may elect to claim a credit for a foreign levy that qualifies as a foreign income tax under IRC Section 901 and applicable Treasury Regulations. In the absence of such an election, such taxes are generally allowed as a deduction in computing taxable income subject to certain limitations.

40. The Australian taxes to which the Refund Request related qualified as a foreign

income tax for purposes of Code 901.

41. IRC Section 702(a)(6) states that "[i]n determining his income tax, each partner shall take into account separately his distributive share of the partnership's ... taxes, described in section 901, paid or accrued to foreign countries.…" Treasury Regulation Section 1.702-1(a)(6) provides that a partner accounts for his distributive share of section 901 taxes "which have been paid or accrued by the partnership, according to its [*i.e.*, the partnership's] method of treating such taxes."

42. IRC Section 703 generally provides that, subject to certain exceptions, the taxable income of a partnership is computed in the same manner as for an individual. One such exception is for items described in IRC Section 702, which must be separately stated, and this exception includes foreign taxes described in IRC Section 901.

43. IRC Section 703(b) provides that any election affecting the computation of a partnership's taxable income is made by the partnership subject to certain exceptions. Exceptions to this last rule include the election made under IRC Section 901 to claim a credit for taxes paid to a foreign country, which is an election made by each partner separately.

44. Support for Plaintiffs' position here includes:

    a. Treasury Regulations under IRC Section 703 provide that a partner's share of foreign taxes paid or accrued by the partnership is determined under the partnership's method of accounting and are taken into account by a partner along with any other foreign taxes paid or accrued by the partner according to the partner's own method of accounting. Specifically, Treas. Reg. Section 1.703-1(b)(2)(i) states that a partner's distributive share of the

      partnership's foreign taxes paid or accrued is determined using the "its [*i.e.*, the partnership's] method of treating such taxes" and is added to any other taxes paid or accrued by the partner "according to his [*i.e.*, the partner's] method of treating such taxes." Accordingly, when a cash basis individual partner determines his or her IRC Section 901 taxes for a given year, the individual includes the taxes that the individual pays directly (determined under the individual's cash method of accounting) and adds to it the individual's share of taxes from partnerships in which the individual is a partner (based upon the partnership's cash or accrual method of accounting).

b. The IRS held in Revenue Ruling 58-55, that a contested foreign tax does not accrue until the contest is resolved, but for foreign tax credit purposes, the foreign tax, once finally determined, is considered to accrue in the taxable year to which it relates. This holding of Revenue Ruling 58-55 has been cited and followed in a variety of cases and IRS Revenue Rulings, including *Albemarle Corp. & Subsidiaries v. United States*, 797 F.3d 1011 (Fed. Cir. 2015), Revenue Ruling 84-125, and Revenue Ruling 77-487.

c. Nothing in either IRC Sections 702 or 703, or in any other Code provision or Treasury Regulation, provides that a cash method taxpayer must make an election under IRC Section 905(a) in order to use the accrual method of accounting for foreign taxes allocated to the taxpayer from an accrual basis partnership for purposes of computing foreign tax credits. To the contrary, the aforementioned Treasury Regulation Section 1.703-1(b)(2)(i) specifically

       contemplates that a partner and a partnership may use a different method of accounting, in which case the partner's share of taxes accrued by an accrual method partnership for a tax year will be the amount of taxes accrued by the partnership for the tax year without regard to the partner's own method of accounting.

d. Under Section 1373(a) of the Code, S corporations are treated as partnerships for purposes of IRC Sections 901 and certain related provisions of the Code and their shareholders are treated for such purposes as partners of such partnerships.

e. Under IRC Section 1363(c)(2)(B), an S corporation, unlike an individual taxpayer, may not elect under IRC Section 901 to take foreign tax credits in lieu of a deduction for foreign taxes. Instead, foreign taxes of an S corporation pass through as a separate item to the shareholders under IRC Section 1366(a)(1), and, under IRC Section 1363(c)(2)(B), each shareholder of an S corporation separately elects whether to deduct or credit foreign taxes which pass through from the S corporation.

## APPLICATION OF THE LAW TO PLAINTIFFS

45. The Partnerships are classified as partnerships for U.S. federal income tax purposes. Under IRC Sections 702 and 703 and accompanying regulations, the foreign taxes related to the Sale and assessed against the Partnerships are properly accounted for under the Partnerships' accrual method of accounting and allocated to Plaintiffs via their ownership of the S Corporations and the Upper Tier Partnerships.

46. Although the Partnerships' Australian taxes arising from the Sale were contested and such contests were not resolved until 2019, once resolved such taxes accrued in 2013 by the Partnerships on their accrual method of accounting in accordance with Revenue Ruling 58-55. In accordance with Treasury Regulation Section 1.703-1(b)(2)(i), Plaintiffs then properly accounted for the foreign tax credits for these taxes (which passed through to them from the Upper Tier Partnerships and the S Corporations) on Plaintiffs' amended 2013 income tax return on Form 1040X (*i.e.*, the Refund Request).

47. Plaintiffs' income tax calculation on their 2013 amended income tax return on Form 1040X includes the foreign income taxes that, at the partnership level, were determined on the accrual method of accounting and not on the cash method. Because the Partnerships properly used the accrual method with respect to the Australian income tax assessed against it, Plaintiffs properly claimed the foreign tax credit for 2013 based upon foreign taxes of the Partnerships that accrued in 2013 even though such taxes were not paid until 2019.

48. Plaintiffs were required to claim such foreign tax credits for 2013 that passed through to them from the Partnerships (via the Upper Tier Partnerships and the S Corporations)

in accordance with the Partnerships' accrual method of accounting and without regard to Plaintiffs' own method of accounting.

49. Based on IRC sections 702, 703, and the underlying Treasury Regulations, the Partnerships' method of accounting controls in claiming foreign tax credits because Plaintiffs received a distributive share of accrued income taxes from the Partnerships through the Upper Tier Partnerships and the S Corporations, and Plaintiffs therefore cannot calculate the taxes eligible for the foreign tax credit on the Plaintiffs' cash method of accounting.  The 2013 tax assessment by the ATO against the Partnerships and allocable to the Plaintiffs is properly accounted for on an accrual method and related back to 2013 as established by sections 702 and 703, case law, and the aforementioned IRS Revenue Rulings.

50. Therefore, the Plaintiffs' refund claim of $767,557 is valid and correct.

## **CLAIM ONE**

51. Plaintiffs incorporate by reference the above allegations as if fully set forth herein.

52. Plaintiffs have met the requirements for filing this lawsuit pursuant to 28 U.S.C. § 1346(a)(1), and 26 U.S.C. §§ 6511(d)(3), 6532(a)(1) and 7422.

    a. Plaintiffs have paid the underlying tax;

    b. Plaintiffs timely filed the Refund Request; and,

    c. this Court has jurisdiction over the refund claim asserted herein.

53. Plaintiffs are entitled to a refund of income taxes claimed in the amount of $767,557 in accordance with the Refund Request and request a determination in their favor for such amount and interest thereon at the interest rate applicable to an overpayment of tax.

## JURY DEMAND

54. Plaintiffs demand a trial by jury of all issues.

WHEREFORE, Plaintiffs respectfully request that this Court (1) hold and determine that Plaintiffs are entitled to the refund of the taxes referenced herein; (2) award Plaintiffs reasonable administrative costs and litigation costs incurred in connection with this proceeding pursuant to 26 U.S.C. § 7430; and (3) grant such other and further relief as this Court deems just and proper.

Dated:  August 29, 2024

*s/ Jonathon D. Bergman*
Jonathon D. Bergman
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO  80202
Telephone:   303.892.9400
Facsimile:    303.893.1379
Email:          jon.bergman@davisgraham.com

*Attorneys for Plaintiffs Brian T. Dolan and Kathleen S. Dolan*